UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HARRISON, | No. C 08-4123 SI (pr) |
|     Plaintiff, | **ORDER FOR AMENDED COMPLAINT AND DENYING TRO** |
|     v. | |
| E. SMITH; et al., | |
|     Defendants. | |

    Plaintiff filed a complaint several months ago. He then filed a motion for leave to amend and supplement his pleadings. Earlier this month, he filed a letter which is not entirely clear but appears to request permission to further amend his complaint to cure some error he perceives. In light of plaintiff's expressed desire to cure some pleading problem, the court will not now do an initial review under 28 U.S.C. § 1915A of the existing pleading, but instead will wait for plaintiff to file the amended complaint. Upon due consideration, the court grants the request to further amend his pleading. (Docket # 3, # 4). Plaintiff must file an amended complaint no later than **April 17, 2009**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

Harrison has used ellipses (i.e., three dots between words) at several places in his complaint and motion. Ellipses generally indicate that a writer has omitted words or other material. Harrison should not expect the court to guess what his unstated thoughts are. If Harrison wants the court to consider something, he must write it out in full. He should not use ellipses in his amended complaint or any court filing for any purpose other than to indicate the omission of a portion of a quotation

Plaintiff also requested a temporary restraining order compelling defendant Smith and other unidentified persons to not harass him. The request is premature because the court has not yet found that plaintiff has pled a cognizable claim for relief. Without a pleading that states a claim for relief to frame the issues, the court cannot determine whether the requested TRO pertains to the issues as framed by the complaint, whether the TRO is sought against persons who are defendants, and whether there is a likelihood of success on the merits of the complaint so that injunctive relief might be appropriate. See Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). The court will not entertain a motion for a TRO/preliminary injunction unless the court has first determined that plaintiff has a pleading on file that states a claim for relief. The motion for a TRO/preliminary injunction is denied. (Docket # 3.)

IT IS SO ORDERED.

Dated: March 16, 2009

_____
SUSAN ILLSTON
United States District Judge