UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HARRISON, | No. C 08-4123 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| E. SMITH, correctional officer, | |
| Defendant. | |

### INTRODUCTION

Marcus Harrison, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Before the court reviewed his complaint, he indicated an intent to amend it. The court directed him to file an amended complaint. Harrison eventually filed two amended complaints, and then asked the court to ignore the first of the two amended complaints and to use the one dated March 22, 2009. The second amended complaint dated March 22, 2009 is now before the court for review under 28 U.S.C. § 1915A.

### BACKGROUND

In his second amended complaint (docket # 10-2), Harrison alleges that correctional officer ("C/O") E. Smith retaliated against him for filing a civil rights action against another correctional officer. Harrison alleges that he filed a civil rights action against C/O Sample in November 2006, that C/O Smith knew of this action, and that C/O Smith is a friend of C/O Sample. After Harrison filed the action against C/O Sample, C/O Smith did numerous things that Harrison interprets as retaliatory actions. Among other things, C/O Smith failed to timely give him soap when he asked for it, delivered canteen items last, said "good morning" to non-

Black inmates but not him and other Black inmates, repeatedly asked him if he needed his medications (even though he did not want her to do so), arbitrarily labelled him a trouble-maker, issued a CDC-115 rule violation report for a rule violation that he admittedly committed but of the sort that she usually would overlook, issued dirty laundry to him, verbally threatened him, and treated him with disrespect.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, the second amended complaint states a cognizable claim against defendant Smith for retaliation based on the adverse actions she allegedly took as payback for Harrison filing a civil rights action against another correctional officer. While many of the allegedly retaliatory acts seem rather petty, their cumulative effect may amount to a sufficient adverse action to have the chilling effect necessary for a § 1983 retaliation claim.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's motions for leave to file an amended complaint are GRANTED. (Docket # 7 and # 10.) The second amended complaint filed at docket # 10-2 (i.e., the one signed on March 22, 2009) is permitted and is the operative pleading.

2. The second amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Smith for retaliation.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon correctional officer E. Smith, who apparently works at the D-facility SHU at Pelican Bay State Prison.

4. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **April 23, 2010**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by such a motion, she must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **May 29, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      c.    If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 18, 2010**.

    5.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

/ / /

/ / /

4

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 6, 2010

                                          SUSAN ILLSTON
                                      United States District Judge