UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HARRISON, | No. C 08-4123 SI (pr) |
| Plaintiff, | **ORDER DENYING DISCOVERY REQUESTS AND SCHEDULING DISPOSITIVE MOTIONS** |
| v. | |
| E. SMITH, correctional officer, | |
| Defendant. | |

Marcus L. Harrison, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 asserting that correctional officer E. Smith retaliated against him for filing a civil rights action against another correctional officer. The action is now before the court for attention to several miscellaneous matters.

Plaintiff filed several discovery-related documents: a motion for admissions, a motion for production of documents, and a motion to compel responses to his discovery requests. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their

very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Plaintiff's motion for admissions and motion for production of documents are DISMISSED as improperly filed. (Docket # 14 and # 15.) Plaintiff's motion to compel is DENIED because he did not meet and confer with defense counsel before filing it. (Docket # 20.)

Plaintiff filed a "Notice" in which he complained about slow mail service occasioned by defense counsel "not properly identifying themselves as certified attorneys" and "not labeling their legal communications to me as being 'confidential legal mail.'" Notice, p. 1 (Docket # 21.) Plaintiff is wrong in his assertion that such mail is confidential legal mail: only mail from his own attorney (and not mail from opposing counsel) would be confidential legal mail. Cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's own lawyer, is not "legal mail"). There is no confidential relationship between a litigant and his opponent's attorney, unlike the confidential attorney-client relationship that exists between a litigant and his own attorney. The court does not understand the meaning or significance of the phrase "certified attorneys," and therefore will not direct defense counsel to put such a marking on envelopes mailed to plaintiff.

Defendant filed an ex parte request for a 120-day extension of time to file a dispositive motion. Upon due consideration, the court GRANTS the request. (Docket # 18.) The court now sets the following new briefing schedule for dispositive motions:

/ / /

2

1.    Defendant must file and serve her dispositive motion no later than **August 20, 2010**.

2.    Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **September 24, 2010**.

3.    Defendant must file and serve her reply brief (if any) no later than **October 8, 2010**.

Defense counsel is reminded that, in any future request for extension of a deadline, he must submit a declaration with his request as required by Northern District Local Rule 6-3(a).

IT IS SO ORDERED.

Dated: May 12, 2010

                                                              SUSAN ILLSTON
                                                      United States District Judge