UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>E. SMITH, correctional officer,<br><br>    Defendant.<br>_____/ | No. C 08-4123 SI (pr)<br><br>**ORDER (1) DENYING DISCOVERY AND PHOTOCOPY REQUESTS AND (2) EXTENDING DEADLINES** |

A.  <u>Discovery</u>

Plaintiff filed a motion to confer with defense counsel and an amended request for admissions on June 28, 2010. The motion and request are DENIED. (Docket # 25.) As the court specifically explained in an order filed just a month earlier, discovery requests are not supposed to be filed with the court and the parties are to meet and confer <u>before</u> asking the court to intervene in discovery disputes. <u>See</u> May 12, 2010 Order Denying Discovery Requests and Scheduling Dispositive Motions.

Not only was plaintiff instructed in this case to not file discovery requests and to meet and confer before asking the court to intervene in discovery disputes, he has repeatedly been provided with essentially the same instructions in three other cases he has filed. <u>See</u> <u>Harrison v. McDonald</u>, C 04-5456 SI (Order Staying Discovery and Extending Deadlines On Summary Judgment); <u>Harrison v. Sample</u>, C 07-959 SI (Order Denying Discovery Motion); <u>Harrison v. IGI</u>, C 07-3824 SI (Order On Miscellaneous Matters And Referring Case To Mediation Program). In each of these orders, the court has cited the Federal Rules of Civil Procedure and the court's Local Rules, and never has indicated that the instructions were case-specific. Plaintiff's decision to file documents that disregard the court's explicit directions is vexatious

1 and abusive. Flagrant abuse of the judicial process will not be tolerated because it enables one
2 person to preempt the use of judicial time that properly could be used to consider the meritorious
3 claims of other litigants. See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990).
4 Plaintiff is now given notice that he may be sanctioned if he again files a document that
5 disregards this court's instructions regarding discovery. The sanctions that may result include
6 issue preclusion, discovery preclusion, dismissal of an action, and/or monetary sanctions.

B. Photocopies

Pelican Bay apparently has a policy that states that staff will not duplicate a legal document exceeding 100 pages in length unless the staff receives a court order directing such duplication. Plaintiff wants the court to issue such an order, and to that end has filed a motion to set aside the briefing schedule on the pending dispositive motion until such an order is granted. Upon due consideration, the court DENIES the request for an order requiring prison officials to exceed the normal photocopy limits to reproduce documents of an unstated length for plaintiff. (Docket # 30, # 28.)

Plaintiff has not shown a genuine need to exceed the page limits and the circumstances suggest that he should be able to present an opposition with supporting evidence that easily complies with the 100 page limit on photocopying. First, there are page limits on legal briefs in this court: motions and oppositions must not exceed 25 pages and reply briefs must not exceed 15 pages of text. Long-winded and repetitive briefs are unwelcome, regardless of whether they are filed by attorneys or unrepresented litigants. Second, declarations should only include statements of fact, and not legal arguments and not case citations. Legal arguments and case citations generally should be confined to the legal briefs. Plaintiff generates unnecessarily long documents by putting legal arguments and case citations in places they don't belong. For example, his second amended complaint was lengthened considerably by unnecessary inclusion of legal argument and citations. See Second Amended Complaint, pp. 5, 7-15, 18. Third, there is no reason to attach as an exhibit any document that has already been filed in this action. The court has access to the whole court file for this action, so a simple and clear reference to the

2

document and page being cited is sufficient to enable the court to find the material a party wants considered. It is a waste of resources to attach to plaintiff's opposition as exhibits a copy of the opponent's motion or plaintiff's complaint in the same action, yet this is exactly what plaintiff has done in past cases. See, e.g., Harrison v. IGI, No. C 07-3824 SI, docket # 31 (opposition to motion to dismiss attaching as Exhibit C the defendants' motion to dismiss and as Exhibit I the second amended complaint). Plaintiff can use existing exhibits and documents that have been filed by him or defendant without filing a new copy of them. Numerous pages of exhibits were submitted as exhibits to the second amended complaint and to the declarations filed in support of defendant's motion. To have the court consider any of these existing documents, all that plaintiff needs to do is to provide an accurate reference to the page and document. Fourth, there is no reason or need to submit as exhibits copies of a regulation, statute or published case because the court has ready access to these. Fifth, briefs and evidentiary presentations often can be made more concise by careful attention to details before they are sent to the court (or to the photocopying shop). Several of plaintiff's filings have shown that he has hastily sent out documents (see docket # 4, # 7, # 8, # 9 – mentioning preparation errors in earlier filings); greater care should be exercised to ensure that the first filing is done right. If plaintiff follows these directions, the document he prepares likely will be shorter than the 100+ page thing he is contemplating. Finally, a party without access to unlimited photocopies can always make copies of his briefs and declarations the old-fashioned way, i.e., by handwriting out a second copy that is an accurate reproduction of the first.

/ / /

/ / /

C. Briefing Schedule

Plaintiff's request for an extension of time to file his opposition to the pending dispositive motion is GRANTED. (Docket # 28, # 30.) Plaintiff must file and serve his opposition to the motion to dismiss and/or for summary judgment no later than **November 4, 2010**. No further extensions of this deadline will be granted. Defendant must file and serve his reply no later than **November 22, 2010**.

IT IS SO ORDERED.

Dated: October 12, 2010

_____
SUSAN ILLSTON
United States District Judge