United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS HARRISON,

    Plaintiff,

    v.

E. SMITH,

    Defendant.

No. C 08-4123 SI (pr)

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

## INTRODUCTION

Marcus L. Harrison, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 asserting a First Amendment retaliation claim against E. Smith, a correctional officer. Defendant has moved for summary judgment, plaintiff has opposed the motion, and Smith has filed a reply. For the reasons discussed below, defendant's motion for summary judgment will be granted.

## BACKGROUND

Harrison alleged in the second amended complaint that in retaliation for his having filed a lawsuit against a fellow correctional officer, defendant Smith did not give him requested soap as promptly as she did other prisoners; delivered his canteen items last; said "good morning" to other inmates but not to him; repeatedly asked him if he needed his medications (even though he did not want her to do so); arbitrarily labeled him a trouble-maker; issued a CDC-115 rule violation report for torn sheets, a rule violation that he admittedly committed but of the sort that she usually would overlook; on one occasion issued dirty laundry to him; on one occasion failed to give him dental floss to which he was entitled; threatened to "write him up" unless he stopped

refusing to accept his non-emergency asthma medications from her; and treated him with disrespect.

## DISCUSSION

### A.   Motion to Dismiss

Defendant contends that the case should be dismissed because plaintiff failed to administratively exhaust his claim.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15 § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.9(I). In order to exhaust available administrative remedies, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.7; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). It is necessary to appeal through the third formal level, the director's level, to satisfy the exhaustion requirement under

§ 1997e(a). Cal. Code Regs. tit. 15 § 3084.1(b); Barry, 985 F.Supp. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Petitioner filed the complaint in this case on August 28, 2008. Administrative exhaustion must be completed before filing suit; dismissal is required even if exhaustion has been completed by the time the court rules. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Thus plaintiff must show that he completed exhaustion through the third and final level before August 28, 2008, or that prior to August 28 he had reached the point where there were no further administrative remedies available to him. The record is clear that plaintiff did not exhaust these claims through the third level prior to August 28; instead, his argument is that he was prevented from pursuing his administrative remedies to that point. See Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (obligation to exhaust persists as long as some remedy is available; when that is no longer the case, prisoner need not further pursue grievance).

In his declaration in support of his opposition plaintiff lists the administrative appeals that he contends are relevant to the issues here.[1] Decl. Harrison at 40-41. The most important of these is the first one, log number D-08-01983, dated July 3, 2008. See id. at 40. In that appeal plaintiff clearly raised the issue here, a contention that defendant was retaliating against him for his lawsuit against Sample. Second Amen. Compl., Ex. C at 17-20. The informal level and first formal level were bypassed. Id. at 17. The response at the second formal level was: "On 8/5/08 interviewed I/M Harrison and informed him that the staff complaint was rejected. And that the only part of the appeal to be addressed is a supply issue. Harrison refused to acknowledge the

---

[1] Those that were not even started before August 28 are, of course, irrelevant.

3

1 rejection, stated that I was refusing to address the issues, and would not answer any question
2 about the supplies. Harrison's lack of cooperation has made it impossible to investigate this
3 appeal. Therefore this appeal is cancelled."[2] Id. at 18. This entry is dated August 5, 2008, and
4 the date "returned to inmate" is August 11, 2008. Id.

5       On July 17, 2008, plaintiff filed another administrative appeal. Id. at 22. It appears not
6 have been given a log number. The informal level response is: "This is a duplicate appeal of
7 a previous appeal (#PBSP-D-08-01983) you filed, in which the chief deputy warden rejected
8 your appeal on all issues except supplies (soap). Wh[en] SGT. Moore attempted to interview
9 you on your previous appeal, you were uncooperative, therefore your appeal was canceled.
10 Because this is a duplicate, that you refused to cooperate with, it is cancelled as well." Id.
11 Because this appeal indeed was duplicative, the cancellation was proper under the department's
12 regulations. See Cal. Code Regs. tit. 15 § 3084.6(c)(2).

13       The court concludes that plaintiff's administrative appeal D-08-01983 was split into two
14 parts, with the staff complaint/retaliation portion against defendant rejected by the Chief Deputy
15 Warden, and the regular appeal portion, having to do with provision of soap, cancelled because
16 of plaintiff's failure to cooperate. Plaintiff did not attempt to appeal either part to the third and
17 final formal level, as he could have done. See Cal. Code Regs. tit. 15 § 3084.6(3)-(4)
18 (discretionary consideration of cancelled appeals at third formal level); id. at § 3084.7(c) (appeal
19 levels); id. at § 3084.9(I) (staff complaint to be processed as appeal under appeal regulations).
20 He thus did not exhaust his administrative remedies via log number D-08-01983. And the
21 appeals coordinator's cancellations of plaintiff's subsequent duplicative appeals were correct
22 under the department's regulations, which list "duplicates a[] . . . previous appeal" as grounds
23 for cancellation. See id. at § 3084.6(c)(2). Because these subsequent administrative appeals
24 were duplicative and thus not in compliance with the department's rules, they did not suffice to
25 exhaust. See Woodford v. Ngo, 548 U.S. 81, 84 (2006) (grievance not in compliance with prison

---

27     [2] The reference to a "supply issue" appears to be to plaintiff's contention in the appeal that "I have asked c/o E. Smith for basic personal hygiene items (soap – toilet paper) in which [sic]
28 I am entitled to, and she has repeatedly proclaimed to have forgotten, as I have had to remind her about my soap several times throughout the same day I asked her." Id. at 19.

4

1 rules insufficient to exhaust). Defendant has established that plaintiff did not appeal through the 2 third and final formal level, and plaintiff has failed to establish that he was prevented from 3 exhausting. The motion to dismiss for failure to exhaust administrative remedies will be granted.

### B.   Motion for Summary Judgment

#### 1.   Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, when a party challenges the merits of the opponent's claim, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citations omitted).

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. Id. at 631.

### 2. **Legal Standard for Retaliation Claims**

Prisoners may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" Pratt v. Rowland, 65 F.3d 802, 807 (1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).

### 3. **Discussion**

Plaintiff contends that Smith's retaliatory acts for his suit against Correctional Officer Sample occurred from January of 2007 through September of 2008. Second Am. Compl. at 1-14. Defendant Smith contends that she did not know about plaintiff's suit against Sample until plaintiff mentioned it "approximately February -May 2008," so nothing she did prior to that time could have been retaliatory. Decl. Smith at 3, ¶ 9. Plaintiff has provided his own declaration and that of another inmate, however, saying that they both overheard Sample telling Smith about the lawsuit in January of 2007. Decl. Harrison at 3-4; Decl. Lopez (Ex. C to Pl's Opp'n) at 1-2. There thus is a genuine issue as to this point, and this ground for defendant's motion is rejected.

Defendant also contends that there is no genuine issue of material fact as to lack of retaliatory motive. The only evidence of retaliatory motive that plaintiff provides is that of timing – that is, he contends that defendant started retaliating when she learned of his suit against Sample. Retaliatory motive may be inferred from circumstantial evidence. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997)). It thus may be shown by the timing of the allegedly-retaliatory act and inconsistency with previous actions, as well as direct evidence. Bruce v. Ylst,

351 F.3d 1283, 1288-89 (9th Cir. 2003).

Plaintiff contends that in January of 2007, the month and year he claims defendant learned of his suit against Sample, defendant began giving him his canteen last and delaying for two to three hours whenever he asked for extra toilet paper or soap, sometimes forcing him to ask for them repeatedly. Decl. Harrison at 5-6. The other retaliatory acts he alleges are too removed in time to be circumstantial evidence of retaliatory motive.

Although plaintiff disagrees with defendant as to the actual number of guards who were on duty at any given time, decl. Harrison at 22, he has provided no factual allegations that conflict with defendant's statement in her declaration that she did not have the power to decide the order in which prisoners would get their canteen items, as that was decided by consensus of the guards on duty, decl. Smith at 8. This point undermines the canteen issue as circumstantial evidence of retaliatory motive, in that the order in which canteen was handed out was, at a minimum, not entirely defendant's choice.

As to the soap and toilet paper, although plaintiff contends that he has a constitutional right to them beyond the normal issue, he does not deny that he got them, so for purposes of this analysis that point is irrelevant. What matters for purposes of ruling on this motion is whether Smith's purported delay in getting him those extra items has any value as circumstantial evidence of an intent to retaliate. It is undisputed that the soap and extra toilet paper provided by Smith were extra; Smith was not required to provide them. Decl. Smith at 8. That is, Smith was still giving plaintiff extras to which he was not entitled after the date he contends she learned of the Sample lawsuit, hardly what would be expected from one minded to retaliate. Even assuming there was the delay to which plaintiff refers, it is not significant evidence of retaliatory motive.

In short, plaintiff's only evidence of retaliatory motive is the vague coincidence in time ("January") of two quite minor changes in routine by defendant, two changes that were not even clearly deliberate efforts by defendant to do ill to plaintiff. Plaintiff thus has failed to carry his burden to show a genuine issue of material fact as to retaliatory motive. See In re Oracle Corporation Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) ("[The nonmoving party's]

7

burden is not a light one . . . [he or she] must show more than the mere existence of a scintilla of evidence . . . more than show there is some 'metaphysical doubt' as to the material facts at issue." (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  Defendant is entitled to judgment as a matter of law.  See Celotex Corp., 477 U.S. at 323.

## CONCLUSION

Defendant's combined motion to dismiss and for summary judgment (Docket No. 27) is **GRANTED**.  The clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

Dated: March 8, 2011

_____
SUSAN ILLSTON
United States District Judge